LAMBOY *v.* MARTÍNEZ.

APPEAL from the District Court of Mayagüez.

No. 278.—Decided January 12, 1909.

APPEAL—STATEMENT OF FACTS.—When the question involved is one of fact arising from the allegations of the parties, and there is no question whatever of law to be decided on appeal, the judgment rendered by the lower court must be affirmed in the absence of a statement of facts signed by the judge of the court below.

The facts are stated in the opinion.

*Mr. Fernando Vazquez* for appellant.

*Mr. Dominguez* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

In the District Court of Mayagüez the following complaint was filed:

"Now comes Emilio Lamboy, a resident of this city, through his counsel, and before this court respectfully alleges:

"That availing himself of the right allowed him by section 139 of the Code of Civil Procedure, he amends the complaint filed by him, praying that Isaac Martínez be adjudged to execute a public document conveying to him certain real property hereinafter to be described, under the following allegations:

"1. Emilio Lamboy being indebted to Isaac F. Martínez for a certain sum of money, namely, 1,770 provincial *pesos* in a mortgage deed dated February 15, 1892, executed before Notary Mariano R. Palmer, of this city, he (the said Isaac F. Martínez), instituted summary proceedings against him for the recovery of the aforesaid mortgage debt; and through the intervention of Tomás Grau, Juan Vicenty and other persons, Martínez and Lamboy, entered into a compromise, by which Martínez discontinued the prosecution of the said summary proceedings.

"2. As a result of said compromise, to the amount due by Lamboy was added another sum paid by Martínez to José A. Menéndez for account of Lamboy. On the total amount Martínez charged Lamboy interest at the rate of 12 per cent per annum to December 31, 1907, and it was then agreed between Isaac F. Martínez and Emilio Lamboy that the latter should execute a deed of sale conveying to Martínez the mortgaged estate, which was done on May 15, 1902, before Notary Mariano Riera Palmer, of this city, for the sum of $3,200, which Lamboy acknowledged having received. But it was also agreed that the sole object of aforesaid deed was to carry out the terms of the agreement really entered into between Martínez and Lamboy, which was as follows:

" 'That Martínez was to reimburse himself for the $3,200 of Lamboy's debt, by gathering and disposing of for his benefit, six crops of coffee of the estate, namely, those of 1902 to 1907, both inclusive, all

the expenses of cleaning and cultivating the estate being for account of Lamboy; and that after the last crop—that of 1907—had been gathered by Martínez, Lamboy's indebtedness would thereby be balanced, whereupon Martínez was to execute a deed of sale conveying to Lamboy said property free from all encumbrances.'

"This agreement was confirmed by Isaac F. Martínez on the 15th of May, 1902, in a private document signed by him and delivered to Lamboy.

"The description of aforesaid property is the following:

" 'A tract of land situated in *barrio* Limón within this municipal district, consisting of 27.25 *cuerdas,* equal to 10 hectares, 61 ares and 3 centares, with a dwelling house and kitchen, an engine house, lodges and tank; bounded on the east by the Estate of Ignacio Avellanet, now Eugenio Cuebas, and lands of Basilio Berríos, now Elena Santiago; on the south by lands of Juan Rosado, now Ernesto Lamboy, of Candelaria Bonilla, now her succession, and of Eustaquia Segarra; on the west by the Estate of Carlos Villa, now Estate of Gregorio Riveria, and on the north by the road leading to Maricao.'

"3. Emilio Lamboy, in compliance with said agreement has, from the 15th of May, 1902, to this day, been defraying, out of his own resources, all the expenses of cleaning and cultivating said property, while Isaac F. Martínez has gathered the coffee crops from the same, from 1902 to 1906, both inclusive, by means of his own employes; but before proceeding to gather the crop of 1907, and thus comply with all the terms of the compromise referred to, violating his agreement with Lamboy, he institutes an action of unlawful detainer against the latter for the purpose of forcing him to vacate the aforesaid estate.

"4. The coffee crop of the current year 1907 is at the disposal of the defendant Isaac F. Martínez who is free to gather the same in the manner he may deem best, as has been done by him with the previous crops.

"For the foregoing reasons, I pray that the court be pleased to render judgment condemning Isaac F. Martínez to execute a public document conveying to Emilio Lamboy the property described in this complaint, and to deliver the same to him, in case it should pass into the possession of the defendant Martínez as a result of the action of unlawful detainer hereinbefore mentioned, with costs against said defendant. Mayagüez, August 12, 1907."

The answer to this complaint was as follows:

"The above-mentioned defendant appeared through his counsel Frank Martínez and answered the amended complaint in the following terms:

"First. The defendant admits that he had instituted summary proceedings against Emilio Lamboy, as stated in the first allegation of the complaint. He denies, however, that said proceedings were for the sum of 1,770 provincial *pesos,* but for the sum 3,120 provincial *pesos,* equal to one thousand eight hundred and seventy-two dollars ($1,872) being the .amount of two mortgage deeds executed in his favor by Emilio Lamboy on the property described in the second allegation of the complaint, at that time belonging to said Lamboy. The defendant denies that any compromise had been entered into through the mediation of Messrs. Tomás Grau and Juan Vicenty, these gentlemen having come merely to request the defendant not to institute summary proceedings against the plaintiff, to which the defendant refused to accede, unless the plaintiff paid him the $1,872 of his indebtedness to him. The plaintiff Lamboy, seeing that the defendant was not disposed to wait any longer than he had done for the payment of the sums due him, offered to execute a deed of sale of the property, in favor of the defendant, said property being subject to two mortgages, for the sum of $3,200, as follows: $1,872, the amount of the two mortgages that had fallen due, $526 paid by defendant to the firm of Méndez & Co. for account of Lamboy, and $802 which the defendant was to pay to the plaintiff. The defendant accepted the offer, paid the $526 to Méndez & Co., $802 to the plaintiff Lamboy, and canceled the two mortgages mentioned above. On his part, the plaintiff executed in favor of the defendant a deed of sale to the aforesaid property, before Notary Mariano Riera Palmer, of this city, on May 15, 1902. The mortgages for which summary proceedings had been instituted having been canceled, the defendant discontinued the prosecution of said foreclosure proceedings.

"Second. The defendant denies the second allegation of the complaint, and asserts that the only contract entered into between plaintiff and defendant was that of sale executed before Notary Mariano Riera Palmer, May 15, 1902.

"Third. The defendant denies the third allegation of the complaint and alleges that although the plaintiff had done some cleaning work on the property, he had always received the compensation that in each case the defendant had agreed to pay the plaintiff for such work. That the plaintiff had never paid the expenses of cultivation of the

estate, for this had always been done by the defendant from the time he had purchased it of the plaintiff.

"Fourth. The defendant admits the fourth allegation of the complaint.

"*Wherefore,* I respectfully pray the court that it be pleased to give judgment for the defendant and against the plaintiff, with costs of the proceedings against the latter, and that it afford the defendant any other relief to which he may be legally entitled. (Signed) Frank Martínez, Counsel for Defendant."

The trial having been held, the District Court for the Judicial District of Mayagüez, after hearing the pleadings, the complaint and answer, the evidence introduced and the arguments of counsel for the parties litigant, delivered judgment on March 3, 1908, holding that the law and the facts are in this case against the party plaintiff, inasmuch as the existence of the contract alleged in the complaint as a ground of the action prosecuted, had not been established; it therefore orders and decrees that the plaintiff Emilio Lamboy should not obtain nor recover anything from the defendant, and that the latter be left free from all responsibility resulting from aforesaid complaint, with costs against the party plaintiff.

From this judgment Lamboy took an appeal to this Supreme Court before which he appeared and filed copy of a statement of the case, in which are contained, moreover, three or four exceptions taken by said appellant to the evidence.

The complaint, the answer and the judgment itself, show that the question here involved is only one of facts which should have been subjected to the evidence of both parties, and, indeed, the statement of the case contains documentary evidence and an abundance of testimony of witnesses.

But the fact is that the statement here presented closes with these words:

"The statement of the case is approved in the belief that it is complete, correct and true, and the same is ordered to form part of the record."

Nothing more is said, and it is at once noticed that the signature of the trial judge is wanting which would impart authenticity to the document, this signature being absolutely necessary, for it must be remembered that the appellant, who is the one called upon to present the record in legal form, asks for a reversal of the judgment appealed from, and such a conclusion, in any event, could not well be reached, when we do not know whether the judge who tried this case had considered in reaching his decision, only the evidence con- tained in the statement presented here.

This doctrine, as expounded in these or other terms sub- stantially identical has been announced in various cases, and among others in that of *Dionisia García* v. *Baltasar Cañada,* decided by this court, December 6, 1906, 11 P. R. Rep., 403, the opinion having been prepared by Mr. Justice Wolf. We then said:

"The bill of exceptions as well as the statement of facts presented in the Supreme Court on appeal should be signed by the judge of the court below, and a certificate of the secretary of the court to the effect that in the minutes of the court there appears an order of the judge approving the statement of facts, is not sufficient for a compliance with this requisite, which is necessary to show that the facts are stated therein as they occurred during the trial."

And it should be borne in mind that here there is not even a certificate from the clerk, such as the one mentioned in the foregoing case, nor would this be sufficient, as above decided.

In this case before us the facts as stated in the complaint and the answer thereto, are not identical, so much so, that the parties are in disaccord about them. So then, it is not a question of the manner of appreciating and interpreting them, for in that case the question would be reduced to a point of law, and then without the necessity of a bill of exceptions or a statement of facts, it would be possible to enter into a con- sideration and discussion thereof.

This doctrine also, has previously been established by this court. .

The question here involved is purely one of fact, wherefore it is absolutely necessary that a statement of facts be prepared and presented in accordance with all the legal requirements.

For the foregoing reasons the judgment rendered by the District Court for the Judicial District of Mayagüez on March 3, 1908, should be affirmed, with the costs against the appellant.

*Affirmed.*

Justices Hernández, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.